dollars for summoning each grand and other jury, and for all other services not therein enumerated such fees as are allowed in the supreme court of the state. Impanelling·a jury is not one of the services enumerated in the act of congress. But the sheriff's fee in Maryland, for that service, was ninety pounds of tobacco, valued at one dollar and fifty cents, which, added to the four dollars allowed by the act of congress, makes up the fee of five dollars and fifty cents. By the law of Virginia, the coroner's fees for an inquest of death, were a charge upon the county; and the sheriff's fee for summoning a jury of inquest, was three dollars and fifteen cents.

Mr. C. Simms showed cause and contended —1st. That the levy court is not bound to provide for the payment of the coroner's expenses, because the county is not liable to pay. 2d. In the act of congress of 28th of February, 1799, grand and other juries mean juries in court. That act does not apply to a coroner's jury. 3d. That summoning and impanelling are not distinct services, there being no fee in Maryland for summoning, separate from impanelling. 4th. That the marshal cannot summon a coroner's jury. It ought to be summoned by a constable. The marshal is not bound to perform the duty of a sheriff.

Mr. E. J. Lee, contra, contended that,—1st. This was a charge against the county, under the law of Virginia. 2d. That the act of congress means any juries which the marshal is bound to summon. 3d. That the marshal is bound to perform all the duties of a sheriff of Virginia.

---

BRENT (LANGLEY v.). See Case No. 8,-066.

BRENT (NOYES v.). See Cases Nos. 10,372 and 10,373.

BRENT (PEYTON v.). See Case No. 11,056.

---

## Case No. 1,841.

### BRENT v. SMITH.

[5 Cranch, C. C. 672.][1]

Circuit Court, District of Columbia, March Term, 1840.

VENDOR AND PURCHASER — CONTRACT—CONSTRUCTION.

The purchaser of lots in the city of Washington, by the square foot, is not bound to pay for a proportion of the alleys, if there be no special agreement to that effect.

The bill in equity in this·case states that this suit is brought for the use of the Unit-

ed States. That about the 23d of November, 1826, at a sale made by the executors ·of Robert Brent, for the purpose of paying a debt due by him to the United· States, the defendant became the purchaser of lots ·15, 16 and 17, in square 533 in the city of Washington, and has paid only part of the purchase-money, leaving $1,748.15 unpaid with interest from the 23d of November, 1826, and costs of a judgment at law obtained against him, on the 13th of April, 1835, for $3,000, ·damages and costs; the damages to be released on payment of $1,748.15 with interest from the 23d of November, 1826, till paid, and $12.59 costs. That the defendant has no property on which the judgment can be levied. That no title has been made to the defendant, who refuses to give up the lots so ·that they may be sold to pay the purchase-money.

The plaintiff prays that the .defendant may be decreed to pay the judgment and costs ·by a certain day; and in default thereof the lots may be resold, or as much thereof as may be necessary, to raise the amount due; and for general relief. The bill was filed ·on the 26th of March, 1836.

The answer of the defendant admits the provisional contract of the 23d of November, 1826; subject to the future confirmation of Joseph Pierson and R. Y. Brent, executors of Robert Brent, and of Stephen Pleasanton, agent of the treasury, for the purchase of, the three lots at twenty-five cents per square foot for lot 15; and at twenty cents for lots 16 and 17. "In pursuance whereof," he says "they" (the executors) "did, on the 27th of June, 1827, enter into a written contract with this defendant, under the seals of the said parties, reciting the said provisional contract confirming and adopting all the terms of the same as so recited, and expressly covenanting to convey the said lots to this defendant in ·fee-simple upon his payment of the note mentioned in the said written contract to be given by him to them for the balance of the purchase-money;" and he exhibits a copy of the contract of the 27th of June, 1827. He admits that he, at the same time, made, and delivered to the executors, his promissory note for the supposed balance of such purchase-money; "such balance being then erroneously calculated and supposed to amount to $1,748.15, upon which note the judgment mentioned in the said bill was recovered against him. But this defendant has recently and since the judgment, discovered that in the settlement," &c., "a material error to his disadvantage was made by the executor in calculating the amount of such purchase-money by the quantity of said feet contained in said lots, and the stipulated rates to be paid for the same according to the said contract; which error was committed by the said executors themselves, who represented to this defendant the quantities of square feet contained in the said lots to

[1] [Reported by Hon. William Cranch, Chief Judge.]

be such as produced the supposed balance for which he gave his said note; and this defendant, ignorant at the time, and until recently, as aforesaid, continuing ignorant of the error and misrepresentation of said executors, trusted implicitly to their statement and calculation of the amount of such purchase-money; and, under such ignorance, gave his said note," &c. He admits the true balance, for which he ought to have given his note to be $1,406.67, instead of $1,748.15. He avers that the said written contract of 27th of June, 1827, is the true, genuine, and only contract of sale for the said lots, and expresses the true and only terms of the contract.

The question submitted to the court, is, whether the defendant, under that contract, was chargeable with a proportion of the alleys in that square.

Before CRANCH, Chief Judge, and THRUSTON and MORSELL, Circuit Judges.

CRANCH, Chief Judge, delivered the opinion of the court.

The memorandum of the 23d of November, is signed by Daniel Brent only, and not by the defendant; it is therefore void as to the defendant, under the statute of frauds. It is not produced as an exhibit by either party. Mr. W. Brent testifies that the defendant agreed to pay for the proportion of the alleys; but no parol evidence can be admitted to vary the contract under seal. That written contract recites a former verbal agreement, and so far as it recites it, and no further, is it evidence of such previous agreement. It cannot be extended by parol evidence. The written agreement of the 27th of June, 1827, must be considered as the only contract of sale; and that says nothing of the alleys. I think, therefore, that the note must be considered as having been given, if not by misrepresentation, yet by mistake. The case of Pratt v. Campbell [9 Cranch (13 U. S.) 456] has decided that the purchaser by the square foot is not bound to pay for the proportion of the alleys, where there is no special agreement to that effect. Decree accordingly.